UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FABIAN M. GARCIA,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-669-RLM-MGG

AMY C. RICHISON, et al.,

    Defendants.

OPINION AND ORDER

Fabian M. Garcia, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Garcia asserts that he is unhappy with certain matters pertaining to his state criminal case. He says his federal and state constitutional rights has been violated because Huntington County Chief Prosecutor Amy C. Richison, Deputy Chief Prosecutor Jeremy K. Nix, and Deputy Prosecutor Jennifer M. Pyclik breached his July 6, 2018, plea agreement. He further asserts his rights have been violated because Huntington County Circuit Judge Daven G. Smith had a duty to enforce his plea

agreement but failed to do so. According to Mr. Garcia, given the breach of his plea agreement and prosecutorial misconduct, the appropriate remedy is to vacate his conviction and resentence him, and award him monetary compensation.

Mr. Garcia can't sue the defendants he has named in his complaint Under 42 U.S.C. § 1983. Judge Smith is immune from suit because "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 359 (1978). Because the doctrine of judicial immunity applies, Mr. Garcia can't proceed on his claim against Judge Smith.

Chief Prosecutor Richison, Deputy Chief Prosecutor Nix, and Deputy Prosecutor Pyclik are also immune from suit. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. Smith v. Power, 346 F.3d 740, 742 (7th Cir. 2003). Because the doctrine of prosecutorial immunity applies, Mr. Garcia can't proceed against these three defendants.

To the extent Mr. Garcia is challenging his confinement and seeking release from prison, "habeas corpus is the exclusive remedy for a state prisoner who

2

challenges the fact or duration of his confinement . . ..." Heck v. Humphrey, 512 U.S. 477, 481 (1994). While this court expresses no opinion on whether he should file a habeas petition, to the extent he is seeking relief only available through a habeas petition, he needs to file a habeas petition in a separate case. The clerk will send him a blank conviction habeas form and in forma pauperis form for his use, if he decides to file a habeas petition challenging his conviction.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile," Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018), but "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

SO ORDERED on November 15, 2021

/s/ Robert L. Miller, Jr./
JUDGE
UNITED STATES DISTRICT COURT